## Commonwealth v. Cramer

*Henry Abromson*, for petitioner.

*C. Ward Eicher* and *Edward B. Doran*, for Commonwealth.

BAUER, J., June 10, 1957.—This is a petition filed with the court by defendant, in forma pauperis, wherein he asks for and requests that certified copies of the indictment, the information, the docket entries, and as well certified copy of the transcript of notes of testimony taken at his trial, be furnished him and at the expense of Westmoreland County. Petitioner sets forth no specific reason for his request nor does he give or

name the purpose for which such records are required but merely states such records should be made available to him under the provisions of the Act of May 1, 1907, P. L. 135, sec. 2, as amended by the Act of May 5, 1911, P. L. 161, sec. 1, 17 PS §1802.

Certified copies of the indictment and information and the docket entries in this case are available upon his request directed to the Clerk of Court of Westmoreland County; however, the notes of testimony stenographically recorded at the trial of the case have never been transcribed by the official court reporter as no such request was ever made by defendant or his counsel of record.

It is to be noted in this case that neither this petitioner, nor his counsel, even requested that the notes of testimony of his trial be taken but such recording was done at the instance of this court at time of the trial. No motion or reasons for a new trial, nor appeal of any nature, were filed or taken within the specified time by petitioner or his counsel of record. Petitioner now, one year and four months after his conviction and sentence, requests that the testimony taken at his trial be transcribed and a certified copy furnished him at the expense of the county.

This petitioner was given a fair and impartial trial by jury, was represented by able and competent counsel of his own choosing, and there is nothing of record that would warrant the transcribing of the testimony in this case at this time.

It would be incumbent upon Westmoreland County to outlay a substantial sum of money to prepare a certified copy of the notes of testimony taken at the trial and it is the opinion of this court that it was not the intent of the legislature to permit a defendant, who had competent counsel, to request that such testimony be transcribed more than a year after his trial, con-

viction and sentence, and setting forth no specific cause or reason in said petition.

This court is satisfied that no rights of this defendant were violated at his trial and that the transcription of the testimony at this time would serve no purpose.

And now, June 10, 1957, the Clerk of Court of Westmoreland County, is directed to furnish petitioner with a certified copy of his indictment, the information and docket entries of his case, but the request of petitioner to have the notes of testimony taken at his trial transcribed by the official court reporter, and at expense of Westmoreland County, is hereby denied.